IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRACY ALLEN PETERS,

    Plaintiff,
v.                                             CASE NO. 5:15-cv-251-LC-GRJ

GREG SHOUPPE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate confined at FCI Marianna, initiated this case by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1], and has been granted leave to proceed as a pauper. This case is before the Court on ECF No. 1, Plaintiff's Complaint. For the following reasons, the undersigned recommends that the Complaint be dismissed for failure to state a claim upon which relief may be granted.

---

[1] In *Bivens*, the Supreme Court held that injured plaintiffs can bring a cause of action for damages against individual federal officers based on violations of constitutional rights. *Bivens* involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed *Bivens* actions for violations of other constitutional rights. *See Davis v. Passman*, 442 U.S. 228 (1979) (equal protection component of the Fifth Amendment's Due Process Clause); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment's cruel and unusual punishments clause).

## I. Plaintiff's Allegations

The Complaint names the following Marianna FCI staff as Defendants: Trust Fund Specialist Greg Shouppe, Trust Fund Supervisor Mary Jones, and Institutional Counselor Connie Copeland. Plaintiff contends that Defendants violated his constitutional rights in connection with two federal cases filed by Plaintiff: *Peters v. English*, Case No. 5:13-cv-104-LC-GRJ (N.D. Fla.), 11th Cir. Appeal No. 15-11577-A (§ 2241 habeas corpus case and appeal), and *Peters v. Lynch*, Case No. 15-C-546 (E.D. Wis.) (*Bivens* case).

In his first claim concerning *Peters v. English*, Plaintiff alleges that on May 20, 2015, Defendants Shouppe and Jones willfully failed to supply "service and perfection" of Plaintiff's inmate account documents in connection with his pending Eleventh Circuit appeal and motion for leave to proceed as a pauper. Plaintiff alleges that Defendants' actions caused the dismissal of his application to appeal as a pauper in the Eleventh Circuit. ECF No. 1 at 3.

In his second claim, Plaintiff alleges that on May 24, 2015, Defendants Shouppe and Jones failed to timely release $65.09 from his inmate account to pay the initial partial filing fee ordered in *Peters v. Lynch*,


Case No. 15-C-546.  Plaintiff alleges that the funds eventually were released, "but the funds were never mailed to the Wisconsin District Court by Defendant Jones and caused dismissal" of the case.  *Id*. at 5.  Plaintiff contends that Defendant Connie Copeland failed to timely supply him with the prison administrative remedy forms to complain about the actions of Jones and Shouppe, resulting in the filing of untimely administrative remedies.  *Id*.

Plaintiff seeks declaratory and injunctive relief, a "stay and abeyance" pending exhaustion of available administrative remedies, and other relief.[2]

## II. Standard of Review

A  federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091,

---

[2] Plaintiff concedes that he did not exhaust administrative remedies prior to filing this case, as required by the PLRA, 42 U.S.C. § 1997e(a).  In view of Plaintiff's claim that he was prevented from timely pursuing administrative remedies, and because it is clear that the complaint fails to state a claim upon which relief may be granted, it is unnecessary to discuss whether the complaint should be dismissed for failure to exhaust administrative remedies.

1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

In the context of a denial of access to court claim, the Eleventh Circuit has explained that:

> The [constitution] gives prisoners a right of access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools ... need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *see also Wilson*, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." *Al- Amin v.*

> *Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008).
>
> A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must have suffered an "actual injury." *Al-Amin*, 511 F.3d at 1332. In order to show actual injury, a Plaintiff must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Id*. (internal quotes and citations omitted). We have noted that missing filing deadlines is an example of an actual injury. *Wilson*, 163 F.3d at 1290 n. 10.

*Hall v. Sec'y for the Dep't of Corr.*, 304 Fed. Appx. 848, 849-50 (11th Cir.2008) (unpublished).[3] In *Hall*, the Eleventh Circuit affirmed the district court's dismissal of a complaint alleging that the plaintiff had been denied access to court because defendants misdirected his legal mail and he missed a filing deadline for a motion for rehearing in the state appellate court. The Court held that the district court did not err in finding that the plaintiff had not alleged an actual injury because the motion for rehearing sought discretionary relief and related to a motion to correct an illegal sentence that already had been considered on the merits. *Hall*, 304 Fed. Appx. at 850.

### III. DISCUSSION

Accepting Plaintiff's factual allegations as true, such allegations do

---

[3]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

not establish the requisite "actual injury" that is necessary to sustain an access-to-court claim. The records of Plaintiff's underlying cases refute his assertions that Defendants' actions were causally connected to the dismissal of his cases.[4]

First, in *Peters v. English*, Case No. 5:13-cv-104-LC-GRJ, 11th Cir. Appeal No. 15-11577, Plaintiff moved for leave to appeal as a pauper because this Court found that his appeal was not taken in good faith and denied him such leave after dismissing his habeas petition for lack of jurisdiction. *See Peters*, Case No. 5:13-cv-104-LC-GRJ (N.D. Fla. 6/10/15) (ECF No. 36). Plaintiff challenged this decision by filing a motion for leave to proceed as a pauper in the Eleventh Circuit. Because Plaintiff sought leave to appeal IFP, his appeal was subject to a frivolity determination by the Court. *See id*., ECF No. 37 (Eleventh Circuit order denying leave to appeal IFP). Upon review of Plaintiff's habeas petition and this Court's dismissal order, the Eleventh Circuit found that this court did not arguably err in dismissing the petition for lack of jurisdiction. The Eleventh Circuit therefore found that Plaintiff's appeal "lacks any arguable merit" and denied leave to appeal IFP. *Id*. The appeal was dismissed after Plaintiff

---

[4] The Court may take judicial notice of the publicly filed documents in Plaintiff's underlying cases, the disposition of which is central to his claims. *See U.S. ex rel. Osheroff v. Humana*, 776 F.3d 805, 811 (11th Cir. 2015).

failed to pay the filing and docketing fees by October 13, 2015. *Id*. ECF No. 38.

Plaintiff's right of access to court does not extend to the filing of non-meritorious cases. *See Al- Amin*, 511 F.3d at 1332. Further, the record conclusively refutes Plaintiff's allegation that Defendants' alleged delay in processing his inmate account documents resulted in the dismissal of his appeal. The IFP motion was denied because the Eleventh Circuit determined that his appeal lacked arguable merit, and the case was then dismissed when Plaintiff failed to pay the full filing fee. Because any delay on Defendants' part did nothing to impede the Eleventh Circuit's review of the merits of Plaintiff's appeal, the Court finds that Plaintiff has failed to allege that Defendants' actions caused him any "actual injury." *See Hall*, 304 Fed. Appx. at 849-50.

In his second claim concerning *Peters v. Lynch*, Plaintiff contends that Defendants failed to timely release the $65.09 initial partial filing fee from his inmate account, and when the funds were released Defendants failed to mail them to the court. ECF No. 1 at 5. The record in that case reflects that the court did not receive Plaintiff's initial partial filing fee by the original deadline established by the court. The funds, although untimely, were received and accepted by the court and the court proceeded to grant

Plaintiff leave to proceed as a pauper and screen his complaint on the merits. *Peters*, Case No. 15-C-546 (E.D. Wis. 11/9/15) (ECF No. 10). Upon screening the complaint, the court found that Plaintiff failed to state a claim upon which relief may be granted. The court explained that Plaintiff attempted to sue a "litany of defendants" who were involved in Plaintiff's 2006 federal criminal conviction for second degree murder. The court found that Plaintiff could not proceed on claims that implicated his underlying conviction pursuant to *Heck v. Humphrey*, and that even if Plaintiff had valid claims they were barred by the applicable statute of limitations. The court therefore dismissed the complaint. *Id*.

Although Plaintiff's initial partial filing fee was not received by the court's original deadline, that failure did not play a role in the court's determination that Plaintiff's complaint was due to be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's factual allegations do not establish the requisite causal connection between Defendants' actions in processing the fee payment and the ultimate dismissal of his Eastern District of Wisconsin case because the case was not dismissed for failure to pay the filing fee. Because the delay in sending the fee payment was not the cause of the dismissal, the Court finds that Plaintiff has failed to allege that Defendants' actions caused him any

"actual injury."  See *Hall*, 304 Fed.Appx. at 849-50.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  See Fed.R.Civ.P. 15(a).  Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  Under the facts presented, the Court concludes that amendment of the Complaint would be futile.

### IV. Recommendation

Based on the foregoing, it is respectfully **RECOMMENDED** that the Complaint be dismissed

**IN CHAMBERS**, at Gainesville, Florida, this 4th day of February 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.